**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4109**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND ANTWANE WINSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:06-cr-00170-JRS)

Submitted:  January 10, 2008      Decided:  February 11, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Raymond Winston of possession with intent to distribute five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). The district court sentenced Winston to eighty-four months' imprisonment, a term of imprisonment that is within the properly calculated sentencing guidelines range and six months from the bottom of that range. Winston timely appealed, contending the district court improperly commented on the Government's evidence and issued an erroneous supplemental instruction in response to a jury question and imposed a procedurally unreasonable sentence. We affirm.

The evidence adduced at trial indicated Winston possessed 6.18 grams of crack, an amount the Government's narcotics expert testified was inconsistent with personal use. The jury submitted a written question and the foreperson posed a follow-up question to the district court asking why the indictment cited five grams of crack and inquiring whether a certain quantity of crack made a possession with intent to distribute charge, as opposed to a simple possession charge, mandatory. The district court told the jury it may consider the quantity of drugs alleged by the Government, "as was indicated by one of the witnesses," and determine whether that quantity "would be some indicia of intent to distribute rather than for personal use or possession." Winston asserted the court's

reference to the Government's narcotics expert improperly influenced the jury's verdict and necessitates a new trial under Fed. R. Crim. P. 33. The district court denied Winston's Rule 33 motion by written order, finding its response to the jury's questioning was neutral and accurate.

This court reviews the denial of a Rule 33 motion for abuse of discretion, United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995), and a district court's decision to respond to a jury's question and the form of that response are likewise matters of that court's discretion. United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). It is within a district court's province to draw the jury's attention to evidence the court considers important and to comment upon this evidence whenever the court considers it necessary. See United States v. Tello, 707 F.2d 85, 88 (4th Cir. 1983). A district court's supplemental instruction must be reasonably responsive to the jury's question and address the inquiry fairly and adequately. See United States v. Martinez, 136 F.3d 972, 977 (4th Cir. 1998).

We find no abuse of discretion. The district court did not exceed "its inherent limitations" in commenting on the evidence, see Tello, 707 F.2d at 88, and the court correctly noted the jury could find Winston possessed 6.18 grams of crack with intent to distribute. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996) (finding 5.72 grams of crack consistent with

distribution).  The district court properly instructed the jury that the responsibility of determining whether Winston possessed this quantity of crack with intent to distribute resided not in the court but in the jury as factfinder.  We therefore conclude the district court did not unfairly influence the jury through its response to the jury's questioning.

Winston also asserts the sentence was procedurally unreasonable because the district court failed to give an adequate statement of reasons for the eighty-four-month sentence in open court.  We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable.  United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).  A sentence may be unreasonable for both substantive and procedural reasons.  United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  A district court must: (1) properly calculate the guidelines range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A § 3553(a) (West 2000 & Supp. 2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  A sentence within a properly calculated advisory guidelines range is presumptively reasonable.  Id. at 457;

see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness to within-guidelines sentence).

Winston did not object to the presentence report's findings or sentencing guidelines calculations, and Winston did not contend a variance sentence below the guidelines range was warranted; he asserted a sentence at the bottom of the range was appropriate in light of his history and characteristics. The district court considered this assertion, and the court's written statement of reasons makes clear it consulted the § 3553(a) factors in selecting the sentence. Sentencing was "conceptually simple," and the district court was not required "to write more extensively." See Rita, 127 S. Ct. at 2469; United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (holding district court need not explicitly reference § 3553 or discuss every factor on record). The sentence was presumptively reasonable, and Winston fails to rebut this presumption when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

Accordingly, we affirm Winston's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 5 -